IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PAUL E. MORGAN ) | |
| 9793 Ziegler Road ) | CASE NO. |
| Hanoverton, Ohio 44423 ) | |
| ) | |
| and ) | JUDGE: |
| ) | |
| ANITA MORGAN ) | **COMPLAINT** |
| 9793 Ziegler Road ) | |
| Hanoverton, Ohio 44423 ) | **JURY DEMAND ENDORSED** |
| ) | **HEREON** |
| Plaintiff, ) | |
| vs. ) | |
| ) | |
| WASHITA VALLEY ENTERPRISES, ) | |
| INC. ) | |
| 2220 SE 69th ) | |
| Oklahoma City, OK 73129 ) | |
| ) | |
| and ) | |
| ) | |
| WASHITA VALLEY ENTERPRISES, ) | |
| INC. ) | |
| c/o Corporation Services Company ) | |
| 3366 Riverside Drive, Suite 103 ) | |
| Upper Arlington, Ohio 43221 ) | |
| ) | |
| and ) | |
| ) | |
| WASHITA VALLEY ENTERPRISES, ) | |
| INC. ) | |
| c/o Corporation Service Company ) | |
| 10300 Greenbrier Place ) | |
| Oklahoma City, OK 73159 ) | |
| ) | |
| and ) | |
| ) | |

1

ASCENT RESOUCES – UTICA, LLC )
3501 NW 63rd )
Oklahoma City, OK   73116 )
  )
    and )
  )
ASCENT RESOURCES – UTICA, LLC )
c/o Capitol Document Services, Inc. )
1833 S. Morgan Road )
Oklahoma City, OK   73128 )
  )
    and )
  )
ASCENT RESOURCES – UTICA, LLC )
c/o Capitol Document Services, Inc. )
4568 Mayfield Road, Suite 204 )
Cleveland, Ohio   44121 )
  )
    and )
  )
PATTERSON – UTI ENERGY, INC. )
10713 West Sam Houston Parkway, )
North )
Suite 800 )
Houston, TX   77064 )
  )
    and )
  )
PATTERSON – UTI ENERGY, INC. )
c/o Capitol Corporate Services, Inc. )
1501 S. Mopac Expy., Suite 220 )
Austin, TX   78746-7541 )
  )
    and )
  )
CRAVAT COAL CO. )
40580 Cadiz-Piedmont Road )
Cadiz, Ohio   43907 )
  )
    and )
  )

| | |
|---|---|
| CRAVAT COAL CO.<br>c/o Anthony M. Puskarich<br>37900 Cadiz-Piedmont Road<br>Cadiz, Ohio   43907 | )<br>)<br>)<br>) |
| and | ) |
| STEVEN PAUL RICHARDS, JR.<br>2890 Beck Avenue<br>Louisville, Ohio   44641 | )<br>)<br>) |
| and | ) |
| B & L PIPECO SERVICES, INC.<br>20465 SH 249, Suite 200<br>Houston, TX   77070 | )<br>)<br>) |
| and | ) |
| B & L PIPECO SERVICES, INC.<br>c/o CT Corporation System<br>7700 E. Arapahoe Road, Suite 220<br>Centennial, CT   80112-1268 | )<br>)<br>)<br>) |
| and | ) |
| RAPIDFIRE, LLC<br>1653 Forestview Drive<br>Bethel Park, PA   15102 | )<br>)<br>) |
| and | ) |
| RAPIDFIRE, LLC<br>c/o Northwest Registered Agent<br>Services, Inc.<br>6545 Market Avenue North, Suite 100<br>North Canton, Ohio   44721 | )<br>)<br>)<br>)<br>) |
| and | ) |

3

| | |
|---|---|
| JCB, INC.<br>c/o Phil Shaw<br>2000 Bamford Blvd.<br>Pooler, GA   31322 | )<br>)<br>)<br>) |
| and | ) |
| JCB, INC.<br>c/o Corporation Services Company<br>3366 Riverside Drive, Suite 103<br>Upper Arlington, Ohio   43221 | )<br>)<br>)<br>) |
| and | ) |
| ROCKLAND MANUFACTURING COMPANY<br>152 Weber Lane<br>Bedford, PA   15522 | )<br>)<br>)<br>) |
| and | ) |
| ROCKLAND INC.<br>Bedford Industrial Park<br>P.O. Box 5<br>Bedford, PA   15522 | )<br>)<br>)<br>) |
| JOHN DOES<br>Defendants whose names and addresses are unknown to Plaintiff at this time. | )<br>)<br>)<br>) |
| and | ) |
| JOHN DOE CORPORATIONS<br>Defendants whose names and addresses are unknown to Plaintiff at this time. | )<br>)<br>)<br>) |
| and | ) |

4

| | |
|---|---|
| JOHN DOE LEGAL ENTITIES<br>Defendants whose names and<br>addresses are unknown to Plaintiff at<br>this time.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) |

NOW COME Plaintiffs Paul E. Morgan and Anita Morgan, and for their claims for relief state the following:

## THE PARTIES

1. At all times relevant hereto, Plaintiff Paul E. Morgan was a resident of Columbiana County, Ohio.

2. At all times relevant hereto, Plaintiff Anita Morgan was a resident of Columbiana County, Ohio.

3. At all times relevant hereto, Defendants John Does, John Doe Corporations and John Doe Legal Entities, inclusive, are persons whose name and address the Plaintiff does not know and have been unable to presently ascertain, and believed to be a proximate cause of the accident alleged herein and/or an uninsured/underinsured insurance carrier. Defendants John Does, John Doe Corporations and John Doe Legal Entities, presently unidentified, will in no way be prejudiced in the maintenance of their defense on the merits within the meaning of Rule 15 (D) of the Ohio Rules of Civil Procedure because of their constructive or actual

notice of the institution of this case.   Except for the inability of the Plaintiff to discover the names of Defendants John Does, John Doe Corporations and John Doe Legal Entities, inclusive, this action would be brought against them in their proper, true, and exact names and capacities, and said information will be provided by the Plaintiff when such information becomes fully known to the Plaintiff.

4. Defendant Steven Paul Richards, Jr., upon information and belief, is a resident of Stark County, Ohio.

5. Defendant Washita Valley Enterprises, Inc. is an Oklahoma Corporation doing business in the state of Ohio, and its principal place of business is in Oklahoma City, Oklahoma.

6. Defendant Ascent Resources – Utica, LLC is an Oklahoma Corporation doing business in the state of Ohio, and its principal place of business is in Oklahoma City, Oklahoma.

7. Defendant Patterson – UTI Energy, Inc. is a Texas Corporation doing business in the state of Ohio and its principal place of business is located in Houston, TX.

8. Defendant Cravat Coal Co. is an Ohio Corporation and its principal place of business is in Cadiz, Harrison County, Ohio.

9. Defendant B & L Pipco Services, Inc. is a Texas Corporation doing business in the state of Ohio, and its principal place of business is in Houston, TX.

10. Defendant Rapidfire, LLC is Pennsylvania Corporation doing business in

the state of Ohio, and its principal place of business is in Bethel Park, PA.

11. Defendant JCB, Inc. is a Georgia Corporation doing business in the state of Ohio, and its principal place of business is in Pooler, GA.

12. Defendant Rockland Manufacturing Company is Pennsylvania Corporation doing business in the state of Ohio, and its principal place of business is in Bedford, PA.

13. At all times relevant to this Complaint, there exists and/or existed, a unity of interest in ownership between certain Defendants and other certain Defendants such that any individuality and separateness between the certain Defendants has ceased and these Defendants are the alter-ego of the other certain Defendants and exerted control over those Defendants. Adherence to the fiction of the separate existence of these certain Defendants as an entity distinct from other certain Defendants will permit an abuse of the corporate privilege and would sanction a fraud, and promote injustice.

14. At all times relevant to this Complaint, each of the Defendants was the agent, principal, servant, partner, employer, employee, representative, successor in interest, predecessor in interest, aider and abettor, co-conspirator and joint venturer of each of the remaining Defendants and were at all times operating and acting within the purpose and scope of said agency, service, employment, partnership, conspiracy, and joint venture and rendered substantial assistance and encouragement to the other Defendants, and condoned and ratified the conduct and omission of each Defendants, with full knowledge and awareness that their acts, omissions, and conduct constituted a breach of duty owed to Plaintiff.    Plaintiff seeks all damages herein against Defendants

both jointly and severally.

15. At all times relevant to this Complaint, each of the Defendants acted individually and through their respective agents, servants, or employees, all acting in the course and scope of their respective employment, including without limitation to other defendants.

## COUNT I

16. On or about November 25, 2020, Defendant Steven P. Richards, Jr. negligently, intentionally, willfully and wantonly operated a JCB Loader, Model 427ZX with a Rockland Pipe Grapple, Model PG-2 while in the course of his employment with Washita Valley Enterprises.   While using the Loader and Grapple to unload pipes from Plaintiff Paul Morgan's truck, Defendant Steven Richards negligently dropped five pipes to the ground . The five pipes then propelled towards Plaintiff Paul Morgan and thereby striking and injuring Plaintiff Paul Morgan.

17. Paul Morgan was an independent contractor, hired to deliver said pipes.

18. Upon information and belief, the property was owned by Defendant Cravat Coal Co. and leased to Defendant Ascent Resources – Utica, LLC.

19. Defendant Washita Valley Enterprises negligently, intentionally, willfully and wantonly entrusted Defendant Steven Richards, Jr. to operate the above referenced loader at the aforesaid time and place, and Defendant Washita Valley Enterprises knew or should have known that the Defendant Steven Richards, Jr. was unskilled and/or incompetent to operate the loader.   Further, said Defendants were

under an agreement and/or arrangement and/or relationship known only to them at this time.

20. As a direct and proximate result of Defendants intentional, willful, wanton, and negligent conduct, Plaintiff Paul Morgan suffered extensive physical and mental injuries and will continue to suffer for the indefinite future physical disfigurement and disability, severe pain and discomfort, and serious mental and emotional anguish and distress.

## COUNT II

21. Plaintiff restates each and every allegation contained within the previous paragraphs.

22. At all times alleged, Defendants Washita Valley Enterprises, Inc. and/or Ascent Resources – Utica, LLC and/or Patterson – UTI Energy, Inc. and/or Cravat Coal Co. was one of the general contractors and/or subcontractors who was responsible the drilling project in Harrison County, Ohio.

23. On November 25, 2020, Defendants Washita Valley Enterprises, Inc. and/or Ascent Resources – Utica, LLC and/or Patterson – UTI Energy, Inc. and/or Cravat Coal Co. were negligent in the construction, maintenance, supervision, control and was thereby intentional, willful wanton and negligent in the creation of the unsafe loading/unloading drilling project zone located in Harrison County Ohio and were responsible for the safe use and proper operation of the Pipe Grapple and Loader.

24. As a direct and proximate result of Defendants intentional, willful, wanton, and negligent conduct, Plaintiff Paul Morgan suffered extensive physical and mental injuries and will continue to suffer for the indefinite future physical disfigurement and disability, severe pain and discomfort, and serious mental and emotional anguish and distress.

## COUNT III

25. Plaintiff restates each and every allegation contained within the previous paragraphs.

26. Upon information and belief, Defendant Rapidfire, LLC rented the JCB Loader, Model 427ZX and the Rockland Pipe Grapple, Model PG2 to Defendant Washita Enterprises, Inc.

27. Prior to the accident of November 25, 2020, Defendant Rapidfire, LLC performed maintenance, repairs, supervised, assembled, reassembled, disassembled, instructed, inadequately warned of dangers, installed defective mechanical parts, machinery or components relative to the loader before the accident and/or committed other acts within the scope of working with, at or around the loader.

28. Defendant Rapidfire, LLC did so negligently, and otherwise tortuous acts and omissions.

29. The aforementioned negligence and the other tortuous acts and omissions of Defendant Rapidfire, LLC proximately caused the injuries, expenses and losses of Plaintiff Paul Morgan.

10

30. The conduct of Defendant Rapidfire, LLC, including but not limited to the acts and omissions described herein, directly and proximately caused Plaintiff Paul Morgan to suffer severe and permanent injuries. Plaintiff suffered and will continue to suffer for the indefinite future physical disfigurement and disability, severe pain and discomfort, and serious mental and emotional anguish and distress.   Defendant Rapidfire, LLC. is therefore liable to Plaintiff in damages.

## COUNT IV

31. Plaintiff restates each and every allegation contained within the previous paragraphs.

32. Defendant Rapidfire, LLC, at all times relevant herein, was the supplier of the JCB Loader and Rockland Pipe Grappler as defined by RC 2307.71 (15)(a).

33. In addition, Defendant Rapidfire, LLC, at all times relevant herein, and pursuant to RC 2307.78, was negligent, and as a proximate cause of said negligence, Plaintiff Paul Morgan suffered and will continue to suffer for the indefinite future physical disfigurement and disability, severe pain and discomfort, and serious mental and emotional anguish and distress.

## COUNT V

34. Plaintiff restates each and every allegation contained within the previous paragraphs.

35. Prior to the accident of November 25, 2020, Defendant JCB, Inc. was a designer, manufacturer and/or distributor of the JCB Loader, Model 427ZX which is the

subject of this lawsuit.

36. Upon information and belief, Defendant Steven Paul Richards, Jr. and/or Washita Valley Enterprises, Inc. allege that the JCB Loader, Model 427ZX malfunctioned and was otherwise defective.

37. Defendant JCB, Inc. negligently manufactured, installed and/or designed the JCB Loader, Model 427ZX which is the subject of this lawsuit.

38. Prior to the accident of November 25, 2020, Defendant JCB, Inc. performed maintenance, repairs, supervised, assembled, reassembled, disassembled, instructed, inadequately warned of dangers, installed defective mechanical parts, machinery or components relative to the loader before the accident and/or committed other acts within the scope of working with, at or around the loader.

39. Defendant JCB, Inc. did so negligently, and otherwise tortuous acts and omissions.

40. The aforementioned negligence and the other tortuous acts and omissions of Defendant JCB, Inc. proximately caused the injuries, expenses and losses of Plaintiff Paul Morgan.

41. The conduct of Defendant JCB, Inc., including but not limited to the acts and omissions described herein, directly and proximately caused Plaintiff Paul Morgan to suffer severe and permanent injuries. Plaintiff suffered and will continue to suffer for the indefinite future physical disfigurement and disability, severe pain and discomfort, and serious mental and emotional anguish and distress. Defendant JCB, Inc. is

therefore liable to Plaintiff in damages.

## COUNT VI

42. Plaintiff restated each and every allegation contained within the previous prargraphs.

43. Defendant JCB, Inc., at all times relevant herein, was the manufacturer of the Loader that Defendant Steven Richards was using at the time that Plaintiff Paul Morgan was injured, and Defendant JCB, Inc. was a "Manufacturer" as defined by R.C. § 2307.71.

44. Defendant JCB, Inc. defectively manufactured or constructed the product which is the subject of this lawsuit pursuant to R.C. § 2307.74.

45. In addition to or in the alternative, Defendant JCB, Inc. defectively designed the product which is the subject of this lawsuit pursuant to R.C. § 2307.75.

46. In addition to or in the alternative, the product which is the subject of this lawsuit was defective pursuant to R.C. § 2307.77 in that it did not conform to representations made about the product when it left the control of Defendant JCB, Inc.

47. As a direct and proximate result of the tortious conduct of Defendant JCB, Inc. described above, Plaintiff Paul Morgan suffered and will continue to suffer for the indefinite future physical disfigurement and disability, severe pain and discomfort, and serious mental and emotional anguish and distress.

## COUNT VII

48. Plaintiff restates each and every allegation contained within the previous paragraphs.

49. Prior to the accident of November 25, 2020, Defendant Rockland Manufacturing was a designer, manufacturer and/or distributor of the Rockland Pipe Grapple, Model PG2 which is the subject of this lawsuit.

50. Upon information and belief, Defendant Steven Paul Richards, Jr. and or Washita Valley Enterprises, Inc. allege that the Rockland Pipe Grapple, Model PG2 malfunctioned and was otherwise defective.

51. Defendant Rockland Manufacturing negligently manufactured, installed and/or designed the Rockland Pipe Grapple, Model PG2 which is the subject of this lawsuit.

52. Prior to the accident of November 25, 2020, Defendant Rockland Manufacturing performed maintenance, repairs, supervised, assembled, reassembled, disassembled, instructed, inadequately warned of dangers, installed defective mechanical parts, machinery or components relative to the loader before the accident and/or committed other acts within the scope of working with, at or around the loader.

53. Defendant Rockland Manufacturing did so negligently, and otherwise tortuous acts and omissions.

54. The aforementioned negligence and the other tortuous acts and omissions

14

of Defendant Rockland Manufacturing proximately caused the injuries, expenses and losses of Plaintiff Paul Morgan.

55. The conduct of Defendant Rockland Manufacturing, including but not limited to the acts and omissions described herein, directly and proximately caused Plaintiff Paul Morgan to suffer severe and permanent injuries. Plaintiff suffered and will continue to suffer for the indefinite future physical disfigurement and disability, severe pain and discomfort, and serious mental and emotional anguish and distress. Defendant JCB, Inc. is therefore liable to Plaintiff in damages.

## COUNT VIII

56. Plaintiff restates each and every allegation contained within the previous paragraphs.

57. Defendant Rockland Manufacturing, at all times relevant herein, was the manufacturer of the Grapple that Defendant Steven Richards was using at the time that Plaintiff Paul Morgan was injured, and Defendant Rockland Manufacturing was a "Manufacturer" as defined by R.C. § 2307.71.

58. Defendant Rockland Manufacturing defectively manufactured or constructed the product which is the subject of this lawsuit pursuant to R.C. § 2307.74.

59. In addition to or in the alternative, Defendant Rockland Manufacturing defectively designed the product which is the subject of this lawsuit pursuant to R.C. § 2307.75.

60. In addition to or in the alternative, the product which is the subject of this

15

lawsuit was defective pursuant to R.C. § 2307.77 in that it did not conform to representations made about the product when it left the control of Defendant Rockland Manfacturing

61. As a direct and proximate result of the tortious conduct of Defendant Rockland Manfacturing described above, Plaintiff Paul Morgan suffered and will continue to suffer for the indefinite future physical disfigurement and disability, severe pain and discomfort, and serious mental and emotional anguish and distress.

## COUNT IX

62. Plaintiff restates each and every allegation contained within the previous paragraphs.

63. The actions or omissions of Defendants above, both jointly and severally, on and after November 25, 2020 would be characterized as hatred, ill will, or a spirit of revenge, or demonstrated a conscious disregard for the rights and safety of Plaintiff and other employees that had a great probability of causing substantial harm.

## COUNT X

64. Plaintiff restates each and every allegation contained within the previous paragraphs.

65. Now comes Plaintiff Anita Morgan, stating that she is the wife of Plaintiff Paul Morgan, and as a direct and proximate result of Defendants negligence and the resulting injuries to Plaintiff Paul Morgan, she suffered a loss of her husband's care,

16

comfort, services and consortium in the past and will continue to suffer said losses in the future.

WHEREFORE, Plaintiffs demand judgment against all Defendants on all Counts in an amount which exceeds Seventy-Five Thousand Dollars ($75,000.00), together with interest, the costs of this action, and all other relief to which she is entitled

Respectfully submitted,

*/s/ Phillip A. Kuri*

_____
PHILLIP A. KURI (0061910)
Elk & Elk Co. Ltd.
6105 Parkland Blvd.
Mayfield Heights, Ohio 44124
Phone:   (440) 442-6677
Fax:        (440) 442-7944
E-mail: pkuri@elkandelk.com

JURY DEMAND

Plaintiffs hereby demand a trial by jury.

*/s/ Phillip A. Kuri*

_____
PHILLIP A. KURI (0061910)